UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLYDE MCCRAY,

        Petitioner,                                     Case Number 21-11199
                                                                  Honorable David M. Lawson

v.

GARY MINARD,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Michigan prisoner Clyde McCray was convicted on his guilty plea of habitual drunk driving, possession of controlled substances, and driving for a second time on a suspended license. He was sentenced as a fourth habitual offender to a minimum prison term of 76 months, which he challenged unsuccessfully in Michigan's appellate courts. After filing a post-conviction motion in the state trial court, he filed an amended petition for a writ of habeas corpus here under 28 U.S.C. § 2254 without the assistance of a lawyer, arguing that his sentence was disproportionate to the crime and based on incorrect information and that his trial lawyer was ineffective by failing to negotiate a better plea deal. The warden opposes the amended petition, raising several procedural defenses. Because McCray has not shown that the state courts' adjudication of his claims contravened or unreasonably applied federal law, the Court will deny the petition.

I.

On April 18, 2018, McCray was arrested in Pontiac, Michigan while driving a motor vehicle that was involved in an accident. His driver's license had been suspended at the time. McCray exhibited signs of intoxication and eventually he was transported to a hospital where his blood was drawn under the authority of a search warrant. Beforehand, McCray tried to remove

his handcuffs, and in the struggle a bag of cocaine dropped to the floor. McCray's blood-alcohol content measured nearly four times the legal limit. After he was transported to the jail, he resisted the deputies' attempt to remove him from the police car.

McCray was charged with several offenses, and on December 13, 2018, he pleaded guilty in the Oakland County, Michigan circuit court to operating a motor vehicle while intoxicated (OWI), third offense, Mich. Comp. Laws § 257.625, possession of less than 25 grams of cocaine, Mich. Comp. Laws § 333.7403(2)(a)(v), and two misdemeanors. He was sentenced on January 30, 2019 as a fourth habitual offender to a total prison sentence of 76 months to 50 years.

McCray filed an application for leave to appeal in the Michigan Court of Appeals challenging his sentence on the ground that it was disproportionate to his own circumstances and the circumstances of the offense. ECF No. 14-9, PageID.307. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. McCray*, No. 348400 (Mich. Ct. App. May 15, 2019). McCray then filed an application for leave to appeal in the Michigan Supreme Court raising the same claims plus a new one: that the trial court improperly sentenced him on the high end of the guidelines based on another OWI count that he was charged with while awaiting sentencing in this case. The Michigan Supreme Court denied leave to appeal. *People v. McCray*, 504 Mich. 999, 934 N.W.2d 219 (Oct. 29, 2019).

McCray then filed a motion for relief from judgment in the trial court. He raised these claims: (i) his sentence is disproportionate, (ii) trial counsel was ineffective by failing to solicit a reasonable plea or a so-called *Cobbs* agreement, and (iii) the trial court incorrectly scored certain offense and prior record variables. The trial court denied the motion. *People v. McCray*, No. 18-

268493-FH (Oakland Cty. Cir. Ct. Feb. 19, 2021), ECF No. 14-8, PageID.277-291.  The Michigan Court of Appeals denied McCray's application for leave to appeal.  *People v. McCray*, No. 356920 (Mich. Ct. App. July 15, 2021).  The Michigan Supreme Court also denied leave to appeal.  *People v. McCray*, 969 N.W.2d 32 (Mich. Jan. 31, 2022).

      McCray filed his habeas petition while his application for leave to appeal the trial court's denial of his motion for relief from judgment was pending.  The Court stayed these proceedings pending exhaustion of state court remedies.  After state court post-conviction proceedings ended, McCray moved to reopen the case and filed an amended petition.  The Court granted the motion and the Warden filed an answer.

      McCray's amended petition raises the following claims:

    I.  Trial court failed to impose a sentence proportionate to Petitioner's circumstances where race is a factor.

    II.  Trial counsel was ineffective for failing to solicit a reasonable plea or *Cobbs* agreement.

    III.  The trial court abused its discretion [by] giving a disproportionate and unreasonable sentence.

Amend. Pet. at 6, 8-9, ECF No. 10-1, PageID.101, 103-04.

      On April 30, 2025, the warden responded that the petition should be dismissed because McCray failed to comply with the time limits imposed in the Court's order holding the case in abeyance, and he failed to exhaust his state court remedies on some claims and others are waived or procedurally defaulted.  The "procedural default" argument is a reference to the rule that a petitioner must preserve properly his claims in state court, and if he fails to do so the state court's ruling denying relief on that basis is an adequate and independent ground for under state law that

must be respected here. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The untimeliness argument references the requirement that a habeas petitioner must bring his claims within one year of the date his conviction becomes final, *see* 28 U.S.C. § 2244(d)(1), or, as here, that the amended petition was not filed within the time allowed by this Court after the case was stayed so the petitioner could return to state court to exhaust additional claims. In this case, although the petition was stayed in this Court, McCray did not file his amended habeas petition in this Court for more than six months after the state court proceedings were concluded, which was beyond the deadline established by the Court. The warden reasons that those new claims are all untimely because the amended petition was late. The Court finds it unnecessary to address these procedural defenses. They are not a jurisdictional bar to review of the merits, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) (procedural default); *Smith v. State of Ohio Dept. of Rehab.*, 463 F.3d 426, 429, n.2 (6th Cir. 2006) (statute of limitations), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). These procedural defenses will not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

II.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering a petition for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See*

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA provides a "highly deferential standard for evaluating state-court rulings[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). That means federal courts give the state court "the benefit of the doubt," *ibid.*, applying that "statutorily prescribed deference," *Michael v. Butts*, 59 F.4th 219, 225 (6th Cir. 2023) (citing 28 U.S.C. § 2254(d); *English v. Berghuis*, 900 F.3d 804, 811 (6th Cir. 2018)).

A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). The "holding of a Supreme Court decision is the legal rule or principle [the court the relies on] to decide a case." *Andrew v. White*, 604 U.S. 86, 92 (2025) (*per curiam*).

"As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere

- 5 -

error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)).

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting 28 U.S.C. § 2254(e)(1)).

A.

In his first claim, McCray argues that his sentence is disproportionate and should be reviewed for "racial dispar[ity] and proportionality." ECF No. 10-1, PageID.101. In his third claim, he argues that the trial court relied on inaccurate information when scoring Offense Variables 9 and 19 and Prior Record Variable 5. *Id.* PageID.104.

The Eighth Amendment to the federal Constitution prohibits "cruel and unusual punishments." U.S. Const. Am. VIII. But a habeas petitioner who challenges the severity of his sentence under that Clause must show the sentence imposed is "extreme" and "'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

McCray raised this claim in his original application for leave to appeal, which the Michigan Court of Appeals denied for lack of merit in a one-sentence summary order. *People v. McCray*, No. 348400 (Mich. Ct. App. May 15, 2019). This type of summary order is presumed to be an

- 6 -

adjudication on the merits to which AEDPA deference applies. *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). McCray offers no basis for rebutting that presumption and the Court finds none.

The state court's denial of this claim was not contrary to or an unreasonable application of Supreme Court precedent. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence." *Harmelin*, 501 U.S. at 1001 (quoting *Solem*, 463 U.S. at 288). Courts reviewing Eighth Amendment proportionality claims must afford "substantial deference" to the legislatures in determining the appropriate punishments for crimes. *Solem*, 463 U.S. at 290. "[A] sentence within the statutory maximum . . . generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quotation omitted). McCray's sentence is within the statutory limits for the felony drunk driving charge, which was enhanced to carry a life sentence because he was a fourth habitual offender. Mich. Comp. Laws § 769.12(1)(b). McCray had a significant criminal history with ten prior felony convictions. He had a history of probation violations and his bond in this case was revoked when he was arrested again and charged with operating a vehicle while intoxicated and possession of a controlled substance. The sentencing court concluded that a sentence of 76 months to 50 years was necessary to protect the community. The sentencing court's justification was reasonable considering the record in this case. In all events, the sentence was neither "extreme" nor "grossly disproportionate" so as to violate the Eighth Amendment. *Harmelin*, 501 U.S. at 959.

Moreover, McCray's sentence is under the statutory maximum set by the Michigan legislature, and it is neither arbitrary nor shocking. Michigan's sentencing enhancement law authorizes a maximum sentence of life for repeat offenders who have been convicted of at least three prior felonies. Mich. Comp. Laws § 769.12. McCray had been convicted of ten such offenses. McCray's sentence is less than life, so it is authorized by Michigan law. "[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995) (citation omitted). McCray's sentence did not contravene the Eighth Amendment.

McCray also argues that his sentence should be reviewed for "racial dispar[ity]," ECF No. 10-1, PageID.101, but he provides no context or supporting factual allegations for this claim.

McCray argues further that he should be resentenced because the trial court relied on inaccurate information when scoring Offense Variables (OV) 9 and 19 and Prior Record Variable (PRV) 5. The trial court, the last state court to issue a reasoned decision on this claim, held that McCray failed to show that the variables were incorrectly scored. Order Denying Mot. For Relief from J. at 14-15, ECF No. 14-8, PageID.290-91.

A defendant is entitled to be sentenced on the basis of accurate information as a matter of due process. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948). But to obtain relief, a petitioner must show that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *Tucker*, 404 U.S. at 447.

McCray maintains that he was improperly scored ten points for OV 9 (number of victims) based on his conduct that occurred at the hospital after the offense of conviction was completed.

He argues that under state law, a trial court is limited to considering "conduct occurring during the sentencing offense," for purposes of scoring OV 9," citing *People v. McGraw*, 484 Mich. 120, 134-35, 771 N.W.2d 655, 663-64 (2009). McCray does not dispute the number of individuals placed at risk at the hospital; instead, he challenges the application of state sentencing law to these facts. That is, he argues that state law prohibited these individuals from being counted as victims.

McCray's objection to the scoring of OV 19 is also based on a state law question. McCray objects to the scoring of OV 19, which applies when a defendant "interfered with or attempted to interfere with the administration of justice." Mich. Comp. Laws § 777.49(c). The sentencing court scored fifteen points for OV 19 because (1) McCray struggled with medical staff when he was taken to the hospital for a blood draw authorized by a search warrant, and (2) McCray refused to exit the vehicle when deputies arrived at the jail and had to be forcibly removed. ECF No. 14-8, PageID.289. McCray does not contend that these facts are inaccurate. Instead, he argues that they should not have been considered when scoring OV 19. This claim again relies on the application of state law.

Next, McCray argues that the sentencing court incorrectly scored ten points for PRV 5. PRV 5 calls for the scoring of 10 points when an offender has 3 or 4 prior misdemeanor convictions. Mich. Comp. Laws § 777.55(1)(c). McCray appears to argue that none of his 8 prior misdemeanor convictions should have counted because these convictions were over ten years old. The trial court, the last state court to issue a reasoned opinion regarding this claim, held that any alleged error was harmless because scoring the variable as McCray desired did not change the

sentencing guidelines. The state court found that the guidelines score would not change even if PRV 5 was scored at zero points.

Whatever the merits to these challenges, McCray cannot obtain relief for them from this Court. A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not an allowable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). A federal habeas court cannot second-guess a state court's determination of such a state law issue. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding that state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

The state courts' decisions on sentencing did not contravene or misapply federal law.

B.

In his second claim, McCray argues that his trial attorney was ineffective because he failed to object to inaccurate information in the Presentence Report (PSR) and because he did not solicit a reasonable plea or *Cobbs* agreement. The latter refers to a procedure established by the Michigan Supreme Court in *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), where a defendant is allowed to enter a guilty plea in reliance on a preliminary, non-binding sentence evaluation by a trial court, subject to the defendant's right to withdraw the plea if the sentence imposed exceeds the preliminary evaluation.

An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient, and that deficiency prejudiced the defense. *Strickland*

- 10 -

*v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance meets the first element when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688) (quotation marks omitted). And most relevant here, where the challenged conduct amounts to legitimate trial strategy, habeas courts will not find that counsel performed deficiently. *Robins v. Fortner*, 698 F.3d 317, 337-38 (6th Cir. 2012).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless a defendant demonstrates both deficient performance and prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Success on ineffective assistance of counsel claims is relatively rare, because the *Strickland* standard is "'difficult to meet.'" *White*, 572 U.S. at 419 (quoting *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013)). And under AEDPA, obtaining relief under *Strickland* is

even more difficult because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (citations and quotation marks omitted). This doubly-deferential standard requires the Court to give "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). "[T]he question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

The last state court to issue a reasoned decision deciding McCray's claim that counsel was ineffective by failing to challenge the accuracy of the PSIR was the state trial court, which denied this claim because McCray failed to show any inaccuracies existed. ECF No. 14-8, PageID.291. As discussed above, McCray has not shown that he was sentenced based on inaccurate information, so the state court's decision that counsel was not ineffective by failing to raise a meritless objection is not unreasonable.

McCray next contends that counsel was ineffective by failing to secure a favorable plea deal or request an evaluation under *People v. Cobbs*. In its order denying the motion for relief from judgment, the trial court rejected the petitioner's argument, observing that the *Cobbs* decision itself grants trial judges broad discretion over whether to utilize the procedure, and McCray did not "identify anything in the record that supports a find[ing] that this Court would have agreed to a *Cobbs* evaluation." Order Denying Mot. For Relief from J. at 10-11, ECF No.14-8, PageID.286-87. The court cited as factors the petitioner's "extensive criminal history involving the exact type of offenses of which he stood charged in this case and the fact that he was arrested after he operated

a vehicle while his BAC was 0.319 — nearly four times the legal limit," that militated against a successful *Cobbs* negotiation. *Id.* PageID.287. The court also suggested that defense counsel's opting for an argument at the sentence hearing that the sentence should fall below the recommendation in the PSR rather than attempting up front to tie the court's hands with a *Cobbs* agreement was a reasonable strategy. *Ibid.*

This decision did not trench upon federal law. Michigan courts have acknowledged that there is no constitutional right to a *Cobbs* evaluation, and under Michigan law a trial court is free to "decline to utilize the rarely used procedure outlined in *Cobbs* and there are strategic reasons not to seek the procedure." *People v. Thompson*, No. 187783, 1997 WL 33353798, at *1 (Mich. Ct. App. 1997). At the plea hearing, McCray stated he understood the rights he was giving up by pleading guilty, that there was no plea agreement, and that he faced a maximum sentence of life imprisonment. And, as the state court observed, he expressed satisfaction with his attorney's representation. A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This amounts to on-the-record consent by the petitioner to the proposed defense strategy. There is nothing in the record to suggest that the choice was not a fully informed one.

In such matters, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689 (internal citations and quotations omitted). The state

trial court's finding that the strategy was a reasonable one effectively rejected McCray's deficient performance contention. That finding reasonably applied federal law.

McCray also has not offered any support for his claim that if counsel had obtained a plea agreement, his sentencing exposure would have been limited. Therefore, he has not shown prejudice under *Strickland*.

McCray is not entitled to federal habeas corpus relief on his ineffective assistance of counsel claim.

### III.

None of the petitioner's claims presents a basis to issue a writ of habeas corpus under 28 U.S.C. § 2254(d). The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   December 2, 2025